[Civ. No. 5731. Second Appellate District, Division One.—July 25, 1927.]

UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and CHARLES M. WHYTE, Defendants.

Edward C. Mills and Harold J. Hunter for Petitioner.

G. C. Faulkner for Respondent Commission.

CONREY, P. J.—It is conceded that petitioner is under liability to pay compensation to respondent Whyte, at least as for disability caused in part by the accident of June 23, 1926. The award as made is for temporary total disability from that date to December 28, 1926, and thereafter until termination of disability or until further order of the Commission.

Petitioner contends that claimant, at and after the time of the accident, was suffering from a pre-existing active disease, contributing to the disability, and, therefore, that the claimant is entitled to compensation for only such portion of the disability as is due to the aggravation of the pre-existing disease. This contention rests upon subdivision 4 of section 3 of the Workmen's Compensation Act of 1917, as amended in the year 1919 [Stats. 1919, p. 911], which provides that, under the stated condition, "compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury."

Respondent Commission admits the fact of the pre-existent and continuing disease, concurrent with the injury resulting from the accident, and that the question of apportionment of compensation may arise upon a subsequent consideration of the case by the Commission upon an application to secure a rating for permanent disability when the disability has become permanent. But the Commission contends that the evidence is sufficient to sustain the finding of temporary total disability produced solely as a result of the accidental injury.

On June 23, 1926, the applicant Whyte, while working as a painter fell twelve feet to the ground, by reason of the breaking down of a scaffold on which he was standing

Prior to that time, notwithstanding his disease, he had suffered no disability in the performance of his work as a painter. The fall and injury were the immediate cause of his disability to work, which began at that time. There is evidence tending to prove that at some early date after June 23, 1926, the disease would have interfered with Whyte's ability to work. How soon that interference would have manifested itself if there had been no accident is a fact not known. The arthritis, and the "decompensating heart," were not caused by the accident, but they now coexist with the injuries resulting from the accident. Dr. Schott thinks that the accidental injury "probably lighted up" an old hypertrophic arthritis in the hips and in the lower back and lower dorsal spine. Dr. Chaffin (July 24, 1926) thought that Whyte's present disability "is due to his hyper-thyroidism and heart condition and is not a result of the injury sustained June 23, 1926."

On the other hand, Dr. Baker (December 28, 1926), said: "Where his pain is and what is preventing him from work is where he was injured, and the other" (the heart condition) "has nothing to do with that, other than it might shorten his general existence here on earth. . . ." "To the best of your judgment, what part of the disability do you think is due to the injury, and what part due to the old conditions?" "I would say entirely to his accident."

It is not for this court to weigh the evidence. We have referred to only a part of the evidence. The evidence would have sustained a finding that the disability is in part caused by disease, and on that evidence an apportionment of the causes of disability might have been made. But there also is evidence tending to prove that the disability thus far has been caused wholly by the accidental injury. This being so, the award could not be successfully attacked, and it would be useless to grant a writ of review. We think that the argument of counsel for respondent, on the present status of the case, should be sustained.

The petition is denied.

York, J., concurred.